# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3139 | **DATE** | 3/4/2002 |
| **CASE TITLE** | JOE HAND PROMOTIONS, INC. vs. LENWOOD CHERRY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for default judgment [11-1] is granted in part and denied in part. The motion is granted as to defendants Lenwood Cherry, William Smith, Elijah Singleton, Warehouse Lounge, and Players Lounge, and the motion is denied as to defendant Dakota's Lounge. Plaintiff shall contact the courtroom deputy within ten days of the date of this memorandum opinion and order to schedule a prove up hearing as to the defaulted defendants.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 3/6/02 | |
| | Notified counsel by telephone. | | date docketed | 91 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| CG | courtroom deputy's initials | 02 MAR -5 AM 8:27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOE HAND PROMOTIONS, INC. )
)
    Plaintiff, )
)
v. ) 01 C 3139
)
LENWOOD CHERRY, individually and as an ) Judge Ronald A. Guzmán
officer, director, shareholder and/or a )
principal of CHERRY'S LOUNGE, LTD., )
DERRICK STEPHENS and CHANDLER )
STEPHENS, individually and as officers, )
directors, shareholders and/or principals of )
NEW 408 CLUB, DAKOTA'S LOUNGE, )
JUDY M. SMITH, individually and as an )
director, shareholder and/or principal of )
MR. BILL'S PLACE, INC., WILLIAM F. )
SMITH, individually and as an officer, director, )
shareholder and/or a principal of THE NEW )
RAVEN PLACE, INC., PLAYER'S LOUNGE, )
KRISTINA PATTERSON, individually and as )
an officer, director, shareholder and/or a )
principal of RED PEPPER'S LOUNGE, INC., )
ELIJAH SINGLETON, individually and as an )
officer, director, shareholder and/or a principal )
of SINGLETON CORP., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Joe Hand Promotions has moved pursuant to Federal Rule of Civil Procedure ("Rule") 55(a) for default judgment against certain defendants in this case: Lenwood Cherry, individually, and as an officer, director, shareholder and/or principal of Cherry's Lounge, Ltd. d/b/a Cherry's Cocktail, a/k/a Cherry's, Dakota's Lounge; William F. Smith, individually, and as an officer, director, shareholder and/or principal of The New Raven's Place, Inc. d/b/a New



Raven's Place, a/k/a The New Ravens Lounge, Player's Lounge a/k/a Player's Club Lounge; Elijah Singleton, individually, and as an officer, director, shareholder and/or principal of Singleton Corp. d/b/a Warehouse Lounge a/k/a Warehouse Bar a/k/a The Warehouse. For the reasons stated below, plaintiff's motion is granted in part and denied in part.

## Discussion

Plaintiff Joe Hand Promotions, Inc. alleges that defendants violated 47 U.S.C. §§ 605(a), 605(e)(4) by unlawfully intercepting and exhibiting the Tyson/Francis boxing match on January 29, 2000. Plaintiff also alleges that defendants violated 47 U.S.C. § 553 by intercepting, receiving, and exhibiting the cable television licensed program.

Default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). The district court must also have personal jurisdiction over defendants in order for a default judgment to be proper. *Santino v. Slodki*, No. 96 C 3762, 1997 WL 201602, at *3 (N.D. Ill. Apr. 18, 1997). A court has jurisdiction over defendants who have been properly served with process. *Id.* Rule 4(e) states that service of process may be effected according to the service of process rules for the state where the district court sits. FED. R. CIV. P. 4(e). In Illinois, service of process on individuals must be effected by personally leaving a copy of the summons with the defendant, or leaving a copy at the defendant's usual abode. 735 ILL. COMP. STAT. 5/2-203(1), (2). Corporations may be served by leaving a copy of the process with any officer or agent of the corporation within the state, or by mail. 735 ILL. COMP. STAT. 5/2-204; *see also Sarro v. Illinois Mut. Fire Ins. Co.*, 34 Ill. App. 2d 270, 274, 181 N.E.2d 187, 189 (2nd Dist. 1962).

2

In this case, defendants are businesses or individual owners or shareholders of the respective businesses. Defendants Lenwood Cherry, William Smith, and Elijah Singleton were personally served in accordance with Rule 4(e)(2) and 735 ILL. COMP. STAT. 5/2-203(1). (*See* Pl.'s Aff. Supp. Mot. Default J., Ex. A at 2 (Cherry); *id.*, Ex. C at 2 (Smith); *id.*, Ex. E at 2 (Singleton).) Defendant Warehouse Lounge was properly served by leaving a copy of the summons with the managing agent in accordance with 735 ILL. COMP. STAT. 5/2-204. (*See id.*, Ex. E at 4.) Player's Lounge was properly served by U.S. mail, return receipt requested and received, in accordance with 735 ILL. COMP. STAT. 5/2-204. (*See* Return of Service re: Player's Lounge of 8/29/01 [doc. no. 17].). Thus, the district court properly has personal jurisdiction over these defendants. Since these defendants have not answered, defended, or otherwise appeared within the 20 day time period, *see* FED. R. CIV. P. 12(a)(1)(A), default judgment against them is proper. FED. R. CIV. P. 55(a).

However, default judgment is not proper as to defendant Dakota's Lounge because it appears that this defendant was not properly served. According to the declaration of the process server on the return of service, the address of Dakota's Lounge is now occupied by a business with the name New Dating Game. (*See* Pl.'s Aff. Supp. Mot. Default J., Ex. B at 2.) *Cf. United Bank of Loves Park v. Dohm*, 115 Ill. App. 3d 286, 287, 450 N.E.2d 974, 975 (2nd Dist. 1983) ("The certificate of the officer or affidavit of the person that he or she has sent the copy in pursuance of this Section is evidence that he or she has done so."). Therefore, the Court finds that plaintiff has yet to show that it effectively served Dakota's Lounge in order to comply with FED. R. CIV. P. 4(h)(1) and 735 ILL. COMP. STAT. 5/2-204. Thus, the motion for default judgment is denied as to defendant Dakota's Lounge.

3

## Conclusion

For the reasons set forth above, plaintiff's motion for default judgment [doc. no. 11-1] is granted in part and denied in part. The motion is granted as to defendants Lenwood Cherry, William Smith, Elijah Singleton, Warehouse Lounge, and Players Lounge, and the motion is denied as to defendant Dakota's Lounge. Plaintiff shall contact the courtroom deputy within ten days of the date of this memorandum opinion and order to schedule a prove up hearing as to the defaulted defendants.

**SO ORDERED**  ENTERED: 3/4/02

HON. RONALD A. GUZMAN
United States Judge